**Ibrahim JALLOH, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–1840–ag.**

United States Court of Appeals,
Second Circuit.

July 31, 2006.

Bruno C. Bier, Bajaj & Associates, PLLC, New York, NY, for Petitioner.

Leura G. Canary, United States Attorney for the Middle District of Alabama, James J. Dubois, Assistant United States Attorney, Montgomery, AL, for Respondent.

Present RICHARD J. CARDAMONE, DENNIS JACOBS and B.D. PARKER, Circuit Judges.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

70

Ibrahim Jalloh, a citizen of Sierra Leone, appeals from the BIA's order affirming Immigration Judge ("IJ") Annette Elstein's order denying his application for asylum, withholding of removal and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA adopts or defers to a decision of the IJ. *See Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

■ The only issue before us is Jalloh's withholding of removal claim. Because the IJ denied Jalloh's asylum claim on the basis of untimeliness, we do not have jurisdiction to review the denial of asylum. 8 U.S.C. § 1158(a)(3); *Singh v. BIA,* 435 F.3d 216, 218 (2d Cir.2006). Further, Jalloh has not challenged the denial of his CAT claim, and therefore we need not address that claim and deem it waived.

We believe there was substantial evidence upon which the IJ could deny Jalloh withholding of removal. To obtain withholding of removal, Jalloh must show by a clear probability that his life or freedom would be threatened in the country to which he will be returned *because of* his "race, religion, nationality membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3); *Singh,* 435 F.3d at 218; *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Past threat to life or freedom, i.e., past persecution, creates a rebuttable presumption of future persecution and therefore a presumption of eligibility for withholding. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 339 (2d Cir.2006) ("If the applicant establishes that she 'suffered past persecution' on the basis of [a protected] statutory ground, eligibility for withholding is presumed, subject to rebuttal.").

■ We understand Jalloh to allege three instances of past persecution: (1) his kidnaping and forced labor by Revolutionary United Front (RUF) rebels; (2) the looting of his home and troubles with his gas station; and (3) his arrest and detention in Guinea. With regard to the kidnaping, Jalloh offered no evidence that the rebels abducted him "because of" any of enumerated grounds for withholding. He presented no evidence that the RUF forced him to work in a labor camp because of his political opinions, tribal affiliations or any of the other enumerated grounds. The looting of his home and troubles with his gas station suffer from the same infirmity of failure to establish a nexus to an enumerated ground. Although he intimates it, he did not present any direct and objective evidence that these events were carried out by the Sierra Leonean government under the mistaken belief that he was an RUF rebel. Finally, Jalloh's treatment at the hands of the Guinean government likely constitutes past persecution on account of membership in a social group. However, this was past persecution in Guinea not in Sierra Leone.

Because Jalloh did not show past persecution in the country of removal, he receives no rebuttable presumption of eligibility for withholding. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 399 (2d Cir.2005). Jalloh must therefore provide evidence showing by a clear probability that he will suffer future persecution if

returned to Sierra Leone. *See Singh,* 435 F.3d at 218. "Absent past persecution, establishing a well founded fear of future persecution requires both a subjective and an objective showing." *Cao He Lin,* 428 F.3d at 399 (citing *Ramsameachire,* 357 F.3d at 178). The objective element requires presentation of "reliable, specific, [and] objective supporting evidence." *Id.*

The only evidence Jalloh offered to support his claim was his subjective belief that the new Sierra Leonean government—which he supports and which was elected after free elections in 2002—will mistake him for an RUF rebel and persecute him. While this had happened to him in Guinea, Jalloh offered no objective evidence that this would happen in Sierra Leone. Further, the IJ had considerable evidence before her of the current country conditions in Sierra Leone, indicating that it was unlikely that Jalloh would be persecuted. Therefore, Jalloh has not met his burden.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).