SIU LIENG OEI and Yudianto Halim Yoo, Petitioners,

v.

Alberto R. GONZALES, Attorney General of the United States, Respondent.

No. 06–2928–ag.

United States Court of Appeals, Second Circuit.

Dec. 8, 2006.

H. Raymond Fasano, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, David V. Bernal,

Assistant Director, Office of Immigration Litigation, Colette J. Winston, Attorney, Office of Immigration Litigation, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Siu Lieng Oei and Yudianto Halim Yoo,[1] natives and citizens of Indonesia, seek review of a May 31, 2006 order of the BIA affirming the November 30, 2004 decision of Immigration Judge ("IJ") Jeffrey S. Chase denying Oei's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Siu Lieng Oei & Yudianto Halim Yoo,* Nos. A96 258 192, A96 258 193 (B.I.A. May 31, 2006), *aff'g* Nos. A96 258 192, A96 258 193 (Immig. Ct. N.Y. City Nov. 30, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005).

■ The INA, by its terms, precludes judicial review of the Attorney General's determinations regarding the one-year deadline provided in 8 U.S.C. § 1158. *See* 8 U.S.C. § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)"). However, under the REAL ID Act of 2005, effective May 11, 2005, this Court has jurisdiction to review any "constitutional claims or questions of law" raised in a petition for review, notwithstanding "any

other provision of this chapter .... which limits or eliminates judicial review." REAL ID Act of 2005, Pub.L. No. 109–13, Div. B, Title I, § 106(a)(1)(A)(iii), 119 Stat. 231, 310 (codified at 8 U.S.C. § 1252(a)(2)(D)); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 152 (2d Cir.2006). In *Chen,* this Court recently determined that the term "questions of law," as provided in the REAL ID Act, refers only to "a narrow category of issues regarding statutory construction." *Chen,* 434 F.3d at 153. Thus, this Court "remain[s] deprived of jurisdiction to review discretionary and factual determinations." *Id.* Because Oei has not raised any challenges, let alone a constitutional one, to the IJ's denial of her asylum application and has not asserted that the IJ engaged in erroneous statutory interpretation with respect to the timeliness issue, this Court lacks jurisdiction to consider whether the IJ abused her discretion or otherwise committed legal error in denying Oei's asylum application as untimely. *See Chen,* 434 F.3d at 153–54.

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). This Court has reviewed for substantial evidence the question of whether a petitioner has established that it is more likely than not he will suffer persecution in his country of removal on account of a protected ground. *See Singh v. BIA,* 435 F.3d 216, 219 (2d Cir.2006). Although evidence of past persecution raises a presumption of future persecution just as in the asylum analysis, 8 C.F.R. § 1208.16(b)(1)(i), Oei does not claim to have suffered past persecution. In such a

---

1. Siu Lieng Oei filed her asylum application on behalf of herself and her husband. There-fore, the claims raised revolve around Oei's personal experiences.

case, an applicant may meet his burden for withholding of removal by showing that there is a pattern or practice of persecution on account of a protected ground of a group of persons in which the applicant is included and with which he identifies in his country of removal. 8 C.F.R. § 1208.16(b)(2).

■ Oei claims that, in Indonesia, there is a pattern or practice of persecution on account of religion and ethnicity of ethnic Chinese Christians, a group in which she is included and with whom she identifies. The IJ properly determined that Oei offered little objective proof that she was likely to suffer persecution on account of her membership in this group. As the IJ pointed out, the conflict between Muslims and Christians in Indonesia, while not completely resolved, has improved to some extent. More importantly, according to country reports, the violence seems fairly contained to Sulawesi and the Moluccas, whereas Oei is from Surabaya in the Java region. This may explain why Oei's family, also ethnic Chinese Christians, who live in Java, have not been harmed. This Court has noted BIA precedent explaining that a petitioner's objective fear of future persecution is undermined when his family remains unharmed in his country of nationality, if those family members share the characteristics on account of which the petitioner claims to fear persecution. *You Hao Yang v. BIA,* 440 F.3d 72, 75 (2d Cir.2006) (citing *Matter of A–E–M–,* 21 I. & N. Dec. 1157 (BIA 1998)). Oei has not established that there is a pattern or practice of persecution in Indonesia as a whole against ethnic Chinese Christians, and, therefore, has not established that it is more likely than not she will suffer persecution. 8 C.F.R. § 1208.16(b)(2).

■ Substantial evidence also supports the IJ's finding that Oei did not establish eligibility for CAT relief. Although Oei claimed that she fears more riots against Chinese Christians in Indonesia, she did not explain why she believed that she would personally be subject to torture upon her return. This claim, "[w]ithout more particularized evidence," did not establish that it would be more likely than not that Oei would be "mistreated in any way" as relevant to the CAT. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160–61 (2d Cir.2005) (holding that a request for CAT relief based solely on the fact that the applicant is part of the large class of persons who have illegally left China was insufficient to compel a finding that the applicant was entitled to relief).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, Oei's pending motion for a stay of removal in this petition is DENIED as moot.