**Raj SHARMA, Petitioner,**

v.

**Eric H. HOLDER, Attorney General, Respondent.**

No. 08–1141–ag.

United States Court of Appeals, Second Circuit.

March 25, 2009.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Linda S. Wernery, Assistant Director; William C. Minick, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Raj Sharma, a native and citizen of India, seeks review of a February 11, 2008 order of the BIA affirming the May 18, 2006 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Raj Sharma,* No. A97 753 213 (B.I.A. Feb. 11, 2008), *aff'g* No. A97 753 213 (Immig. Ct. N.Y. City May 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). "We review *de novo* questions of law and the application of law to undisputed fact." *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

## I. Asylum

As an initial matter, we do not have jurisdiction to review Sharma's challenge to the IJ's determination that he failed to establish by clear and convincing evidence that he filed his asylum application within one year of his entry into the United States. 8 U.S.C. § 1158(a)(3). Sharma argues that the IJ erred in failing to give weight to the evidence he provided. While we retain jurisdiction to review constitutional claims and questions of law, *see* 8 U.S.C. § 1252(a)(2)(D), these arguments amount to nothing more than a challenge to the IJ's fact-finding with respect to the one-year bar, which we do not have jurisdiction to review. *See* 8 U.S.C. § 1158(a)(3); *See also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330–32 (2d Cir.2006). Sharma's additional argument that the IJ applied an inappropriately high standard (and denied him due process as a result) are merely attempts to "us[e] the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion." *Xiao Ji Chen*, 471 F.3d at 330. Thus, to the extent Sharma challenges the IJ's pretermission of his asylum application, the petition for review is dismissed.

## II. Withholding of Removal

The IJ properly denied Sharma's application for withholding of removal, which is not subject to the one-year bar. In denying that relief, the IJ found that Sharma's return to India in November 2001, as well as changed country conditions in India, undermine his claim that he would more likely than not be persecuted if he were forced to return. An alien must "present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Here, as the IJ noted, Sharma returned to India less than two years after the alleged incidents in 1999, and stayed from November 2001 to April 2002. The IJ also relied on Sharma's testimony that "he was often called in for questioning during [this] period in which he was, according to his testimony, playing an active role in supporting Akali dal Mann." Based on that testimony, the IJ concluded that Sharma had expressed his political opinion openly upon his return to India, and that the Indian government's response could be considered, at worst, harassment. This testimony undermined both his subjective and objective fear of persecution; the IJ properly relied on it in rejecting Sharma's assertion that he would more likely than not be persecuted. *Gomez v. I.N.S.*, 947 F.2d 660, 663 (2d Cir. 1991); *see also Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006) (holding that harm must rise above "mere harassment" in order to be considered persecution).

Moreover, the IJ found that country conditions had changed in India, taking administrative notice of the fact "that the current prime minister of India is a Sikh and that Sikhs hold a great deal of political power in Punjab," and concluding "that Sikhs are very much an integrated part of the Indian political and economic life." In a very similar case, we held that "State Department reports and a report from the United States embassy describing the current country conditions in India ... provide a sufficient basis for the IJ's determination that [the petitioner] is unlikely to face persecution for his Sikh beliefs and his membership in Akali Dal Mann." *Surinder Singh v. BIA*, 435 F.3d 216, 219 (2d Cir.2006). While Sharma is Hindu, our holding in *Surinder Singh* applies squarely to his claim that he will be persecuted on account of his membership in Akali Dal Mann. Accordingly, the IJ's finding that Sharma failed to establish a likelihood of persecution if returned to India is sup-

ported by substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur*, 494 F.3d at 289.

### III. CAT Relief

 Finally, the same considerations that led the IJ to conclude that Sharma did not establish a likelihood of persecution in India support her conclusion that he did not establish a likelihood of torture. *Cf. Paul v. Gonzales*, 444 F.3d 148, 155–56 (2d Cir.2006). Accordingly, the agency's denial of Sharma's application for CAT relief was proper.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b). .