SUMMARY ORDER

Petitioner Parvez Akhtar, a Sunni Muslim native and citizen of Pakistan, seeks review of a March 19, 2008 order of the BIA affirming the March 22, 2006 decision of Immigration Judge (“IJ”) Brigitte La-Forest denying Akhtar’s applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Parvez Akhtar, No. A95 959 885 (B.I.A. Mar. 19, 2008), aff'g No. A95 959 885 (Immig. Ct. N.Y. City, Mar. 22, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, we lack jurisdiction to review the IJ’s decision insofar as she found that Akhtar’s asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). See 8 U.S.C. § 1158(a)(3). While we retain jurisdiction to review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), Akhtar has made no argument that would invoke our jurisdiction. However, we may review his challenge to the agency’s denial of his applications for withholding of removal and CAT relief.
We find no error in the IJ’s denial of Akhtar’s application for withholding of removal because Akhtar has failed to establish that the harm he fears bears a nexus to one of the protected grounds enumerated in the Immigration and Nationality Act (“INA”). See 8 U.S.C. §§ 1101(a)(42); 1231(b)(3). For applications governed by the amendments to the INA made by the REAL ID Act of 2005, “the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant.” 8 U.S.C. § 1158(b)(l)(B)(i); see also Matter of J-B-N & S-M-, 24 I. & N. Dec. 208 (BIA 2007). Specifically, in order to demonstrate persecution on account of a protected ground, the “applicant must ... show, through direct or circumstantial evidence, that the persecutor’s motive to persecute arises from the applicant’s political belief [or another protected ground].” Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 (2d Cir.2005) (citing INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)); see also Matter of S-P-, 21 I. & N. Dec. 486, 494-95 (BIA 1996).
Here, Akhtar and his neighbor, who is a Shiite Muslim, were engaged in a property dispute in Pakistan, and the neighbor allegedly tortured Akhtar’s son. While Akh-tar argues that his neighbor’s actions were motivated by Akhtar’s religious beliefs, as reflected by the neighbor’s discriminatory statements towards him, substantial evidences supports the IJ’s conclusion that his neighbor was motivated by the property dispute.[1] See 8 U.S.C. § 1158(b)(l)(B)(ii); Matter of J-B-N & S-M-, 24 I. & N. Dec. at 216. In particular, *85 Akhtar testified that the “trouble started” when “he sold the land to someone other than his neighbor.” Similarly, in Akhtar’s asylum application, he explained that “because he sold the house to another party at fair market price ... [his neighbor] became [his] enemy.” Thus, while the statements made by his neighbor may show that Akhtar’s religious belief was a “tangential motivation” behind the alleged harm that his family suffered, a reasonable adjudicator would not be compelled to conclude that Akhtar’s religion was “at least one central reason” for that harm. Matter of J-B-N- and S-M-, 24 I. & N. Dec. at 216; Corovic, 519 F.3d at 95.
Moreover, substantial evidence supports the IJ’s finding that the country reports did not indicate that Sunni Muslims are targets of religious violence or discrimination. Indeed, the 2005 country report stated that “[m]ost complaints were filed against the majority Sunni Muslim community,” and, while sectarian violence exists between Sunni and [Shiite] extremists, the report did not indicate that Sunni Muslims were the targets of religious violence or discrimination. The IJ also found that Akhtar “failed to demonstrate that he could not relocate to another part of Pakistan where he would not be harmed,” and because Akhtar does not challenge the IJ’s denial of his withholding of removal claim based on his ability to relocate, we deem any such argument waived.[2] Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
Finally, we find that the agency properly denied Akhtar’s application for CAT relief. Akhtar argues that current country conditions and the past persecution he allegedly suffered were- sufficient to establish his eligibility for CAT relief. However, the IJ properly found that Akhtar could safely relocate to another part of Pakistan to avoid his neighbor — the alleged persecutor. See 8 C.F.R. § 1208.16(c)(3)(ii). Akhtar’s argument that there is “no reason to believe he would be safe in another part of the country” is unavailing, particularly where he testified that he owns a farm and two homes in Pakistan, and that his wife and five other children remain in that country. See Singh v. BIA, 435 F.3d 216, 219 (2d Cir.2006) (noting that presumption of future persecution can be rebutted if petitioner “ ‘could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal’ ”) (quoting 8 C.F.R. § 1208.16(b)(l)(i)(B)); Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant’s mother and daughters continued to live in petitioner’s native country, claim of well-founded fear was diminished).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Akhtar argues in his brief that he suffered “severe economic deprivation” in Pakistan, but he does not support his argument. Regardless, Akhtar did not raise that argument *85 before the BIA and we therefore decline to consider it. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007) (holding that the judicially imposed exhaustion requirement is mandatory); Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004).

. While Akhtar does not challenge the IJ's denial of his withholding of removal claim based on his ability to relocate, he challenges the IJ's denial of CAT relief on that basis.