**Chun Ping LIN, Petitioner–Appellant,**

**v.**

**Eric H. HOLDER Jr.,* Attorney General, Respondent–Appellee.**

**No. 07–5371–AG.**

United States Court of Appeals, Second Circuit.

May 29, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Yee Ling Poon, New York, NY, for Appellant.

Erica B. Miles, Attorney (Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Leslie McKay, Senior Litigation Counsel, on the brief), Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Appellee.

Present JOSEPH M. McLAUGHLIN, REENA RAGGI, Circuit Judges, JANE A. RESTANI, Judge.**

## SUMMARY ORDER

Petitioner Chun Ping Lin, a native and citizen of the People's Republic of China, seeks review of the November 21, 2007 order of the BIA affirming the January 31, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *In re Chun Ping Lin,* No. A98 715 240 (B.I.A. Nov. 21, 2007), *aff'g* No. A98 715 240 (Immig. Ct. N.Y. City Jan. 31, 2006). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

When the BIA's opinion affirms the IJ's decision in part and modifies it in part, we review the IJ's decision as modified by the BIA. *See Dong Gao v. BIA,* 482 F.3d 122, 125 (2d Cir.2007) (noting that review is confined to rationale of IJ on which BIA relied). The agency's factual findings are reviewed under the substantial evidence standard, while questions of law and the application of law to undisputed fact are reviewed *de novo. See Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

---

** The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

## I. Claims Based on Imputed Adherence to Falun Gong

■ Although the IJ determined that Lin was not credible, the BIA assumed, as do we, that he testified credibly. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir.2005). Instead, the BIA dismissed Lin's appeal on the ground that his experience—an approximately five-hour detention based on imputed membership in Falun Gong during which Lin was beaten, resulting in minor bruises—did not amount to persecution. In support for this conclusion, the BIA cited *Beskovic v. Gonzales,* 467 F.3d 223 (2d Cir.2006), and *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332 (2d Cir.2006), without undertaking additional analysis. This is insufficient to permit meaningful review of the agency's application of the standards set forth in our decisions, particularly where we have instructed the agency to "be keenly sensitive to the fact that a 'minor beating' . . . may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales,* 467 F.3d at 226; *see also Chun Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005) (observing that involvement with Falun Gong implicates a protected ground).

Nevertheless, we conclude that no remand is warranted in this case because we can confidently predict that the agency's conclusion would not change on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006). A finding of past persecution would raise a presumption of a well-founded fear of future persecution, but that presumption would be adequately rebutted if the government showed by a preponderance of the evidence that Lin "could avoid a future threat to his . . . life or freedom by relocating to another part of [China] and [that], under all the circumstances, it would be reasonable to expect [him] to do so." 8 C.F.R. § 1208.13(b)(1)(I); *see also Surinder Singh v. BIA,* 435 F.3d 216, 219 (2d Cir. 2006). Although the agency did not make a specific determination as to Lin's ability to avoid persecution through relocation, we can confidently predict it doing so on remand in light of its finding that Lin is not, in fact, a Falun Gong practitioner and no record evidence indicates a likelihood that such practice will be imputed to him on return to China. Moreover, Lin testified at his asylum hearing that authorities had imputed Falun Gong practice to his entire family. Yet, Lin's father, mother, and sister have been living in Jing Fong Town, which is near where petitioner had lived, since the incident giving rise to Lin's claim for relief, and Lin offered no evidence indicating that they had any problems with government officials there. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (evidence that family members "continued to live in El Salvador after [petitioner] emigrated without harm[ ] cuts against her argument that she has a well-founded fear of persecution on account of her uncle's actions"). The omission is significant because Lin did offer a letter from his father, which asserts that the family "fled" to Jing Fong Town; however, the letter does not claim that the family remains there in hiding from government authorities or that they have encountered any persecution. Letter from Fa Guan Lin (June 29, 2005). Thus, the fact that Lin is not a Falun Gong practitioner coupled with his family's ability to relocate safely to Jing Fong Town demonstrates that it would be reasonable to expect Lin to do so as well, thereby rebutting the presumption of a well-founded fear of future persecution.

## II. *Claims Based on Illegal Departure*

■ Substantial evidence supports the agency's rejection of Lin's argument that he would encounter persecution or torture for his illegal departure from China. While Lin points to evidence that those who depart China without prior authorization are sometimes subject to detention or mistreatment in China, he has not identified any record evidence showing that any punishment he may receive for his illegal departure would be on account of a protected ground rather than in accordance with China's laws regarding illegal departure. *See Zhang v. Gonzales,* 426 F.3d 540, 544 (2d Cir.2005); *Qun Yang v. McElroy,* 277 F.3d 158, 164 n. 5 (2d Cir.2002).

We also find no error in the agency's denial of Lin's CAT claim for lack of particularized evidence that someone in Lin's situation would more likely than not face persecution or torture for leaving China illegally. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir. 2005). To the extent that Lin's withholding of removal and CAT claims are based on the same factual predicates as his asylum claim, he necessarily failed to meet the higher burdens of proof required for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.