11-5045
Agbontaen v. Holder

BIA
Straus, IJ
A073 179 165

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of August, two thousand fourteen.

PRESENT:
 REENA RAGGI,
 DEBRA ANN LIVINGSTON,
 DENNY CHIN,
  *Circuit Judges.*

_____

OSARO AGBONTAEN,
 *Petitioner,*

 v.                                    11-5045
                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
 *Respondent.*

_____

FOR PETITIONER:        Gregory C. Osakwe, Hartford,
                       Connecticut.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Ada E. Bosque, Senior
                       Litigation Counsel; Yamileth G.
                       Davila, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Osaro Agbontaen, a native and citizen of Nigeria, seeks review of a November 21, 2011, decision of the BIA affirming the July 15, 2010, and March 30, 2004, decisions of Immigration Judge ("IJ") Michael W. Straus, denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Osaro Agbontaen*, No. A073 179 165 (B.I.A. Nov. 21, 2011), *aff'g* No. A073 179 165 (Immig. Ct. Hartford July 15, 2010 & March 30, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we lack jurisdiction to consider Agbontaen's argument that the agency erred in declining to "repaper" his proceedings, *i.e.*, terminate his deportation proceedings and initiate removal proceedings to allow him to apply for cancellation of removal, because he did not exhaust that claim before the BIA. *See Karaj v. Gonzales*,

2

462 F.3d 113, 119 (2d Cir. 2006). Regardless, the claim is without merit as Agbontaen is ineligible for repapering under the agency's policies.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency found that, even if Agbontaen suffered past persecution, the government had rebutted any presumption of future harm by showing that he could relocate to southern Nigeria to avoid persecution on account of his Christian faith and that it would be reasonable for him to do so. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *see also Surinder Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006). This finding is supported by the record. Indeed, Agbontaen and his wife testified that they could safely practice their religion in southern Nigeria, the country conditions evidence demonstrated the same, Agbontaen had visited the south for religious and personal reasons, and his wife has Christian family members living unharmed in that region. *See* 8 C.F.R.

§ 1208.13(b)(3). Accordingly, the agency reasonably concluded that Agbontaen had not established his eligibility for asylum and withholding of removal. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *see also Surinder Singh v. BIA*, 435 F.3d at 219.

In light of the agency's relocation finding, as well as the country conditions evidence demonstrating that the Nigerian government respects religious freedom and has not detained any religious prisoners, the agency did not err in finding that Agbontaen failed to establish his eligibility for CAT relief. *See* 8 C.F.R. § 1208.16(c)(3) ("In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future torture shall be considered, including, but not limited to . . . [e]vidence that the applicant could relocate . . . and . . . [o]ther relevant information regarding conditions in the country of removal."); *see also Pierre v. Gonzales*, 502 F.3d 109, 115, 118 (2d Cir. 2007).

We do not consider Agbontaen's unexhausted arguments that he will face persecution on account of his membership in a particular social group. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

4

For the foregoing reasons, the petition for review is DENIED.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk of Court