16-3969-ag
*Singh v. Sessions*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand eighteen.

PRESENT:    JOSÉ A. CABRANES,
            BARRINGTON D. PARKER,
                    *Circuit Judges*,
            KIYO A. MATSUMOTO,
                    *District Judge*.*

---

MANINDER SINGH,

          *Petitioner*,                      16-3969-ag

          v.

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,

          *Respondent*.

---

**FOR PETITIONER:**    GENET GETACHEW, Law Office of Genet Getachew, Brooklyn, NY.

---

* Judge Kiyo A. Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

1

**FOR RESPONDENT:** JESSICA DAUGERT **(**Lynda A. Do, Attorney, and Kiley Kane, Senior Litigation Counsel, Office of Immigration Litigation, *on the brief*), *for* Chad A. Readler, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC.

Petition for review of an order of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that that the petition for review is **DENIED.**

Petitioner Maninder Singh ("Singh"), a native and citizen of India, seeks review of a November 8, 2016, decision of the Board of Immigration Appeals ("BIA") affirming the February 2, 2016, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maninder Singh*, No. A205 421 649 (B.I.A. Nov. 8, 2016), *aff'g* No. A205 421 649 (Immig. Ct. N.Y. City Feb. 2, 2016). We assume the parties' familiarity with the underlying facts, the procedural history in this case, and the issues on appeal.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. See 8 U.S.C. § 1252(b)(4)(B); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

An asylum applicant who has established past persecution shall nevertheless be denied asylum if, among other things, a preponderance of the evidence shows that the applicant can safely and reasonably relocate within the country of removal. 8 C.F.R. § 1208.13(b)(1)(i)(B); *see Surinder Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country."). Further, such a finding rebuts the presumption of well-founded fear of future persecution to which such an applicant would otherwise be entitled. 8 C.F.R. § 1208.13(b)(1).

The IJ and BIA concluded that although Singh established past persecution, the government demonstrated that Singh could reasonably avoid future persecution by relocating within India. Singh experienced persecution while living in Punjab for his and his family's affiliation with Dera Sacha Sauda, a religious and social group. The persecution culminated in a violent attack in 2011 on his family. Following the attack, Singh relocated to Nagpur, Maharashtra, where he lived for nearly a year. He testified that Nagpur is three-days' distance from his previous village in Punjab. During that year, he attended weekly Dera Sacha Sauda meetings, and he did not testify to any harm or threats while in Nagpur. Singh left India after a contact in Punjab warned him that his attackers continued

to look for him, but Singh provided no details about his persecutors' knowledge of his new location or ability to locate and harm him in Nagpur. In light of this record, we conclude that substantial evidence supports the agency's conclusion that Singh could avoid persecution by relocating within India. In view of our conclusion that Singh failed to establish a well-founded fear of persecution, we do not reach the agency's alternative ruling regarding corroboration.

Nor did the IJ or BIA err in denying Singh humanitarian asylum. While an IJ may grant humanitarian asylum in the absence of a well-founded fear of future persecution, this form of relief is reserved for extreme cases. *See* 8 C.F.R. § 1208.13(b)(1)(iii). To merit a grant of humanitarian asylum, an applicant "must establish both the severe harm and the long-lasting effects of that harm." *Jalloh v. Gonzales*, 498 F.3d 148, 151 (2d Cir. 2007) (quotation marks and citation omitted). Singh's argument that the severity of his past harm qualifies him for humanitarian asylum fails because he did not allege any continuing physical or psychological harm stemming from his past mistreatment. Accordingly, we find that the IJ acted within his discretion in denying humanitarian asylum.

In light of our conclusion that Singh did not establish a well-founded fear of persecution, Singh necessarily failed to satisfy the heightened clear probability standard for withholding of removal. Moreover, we will not consider Singh's challenge to the IJ's denial of CAT relief because he failed to appeal the denial to the BIA. *Lecaj*, 616 F.3d at 119–20 (holding that applicant who fails to establish fear of harm required for asylum "necessarily" fails to meet higher standard for withholding of removal and CAT relief); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (requiring exhaustion of CAT claim before BIA).

## CONCLUSION

For the foregoing reasons, the petition for review is **DENIED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3