Sherpa v. Barr

BIA
Christensen, IJ
A202 130 883

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand twenty.

PRESENT:
REENA RAGGI,
DEBRA ANN LIVINGSTON,
JOSEPH F. BIANCO,
*Circuit Judges.*

_____

NIMA SANGE SHERPA,
*Petitioner,*

v.                                          18-1517
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Annette M.

Wietecha, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nima Sange Sherpa, a native and citizen of Nepal, seeks review of a May 2, 2018 decision of the BIA affirming a June 22, 2017 decision of an Immigration Judge ("IJ") denying Sherpa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Nima Sange Sherpa,* No. A 202 130 883 (B.I.A. May 2, 2018), *aff'g* No. A 202 130 883 (Immig. Ct. N.Y. City June 22, 2017).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Assuming *arguendo* that Sherpa experienced past persecution when Maoists threatened and attacked him on account of his involvement with the Nepali Congress Party ("NCP") and that he was therefore entitled to a presumption of a well-founded fear of future persecution, the agency did not err in concluding that Sherpa was not eligible for relief

2

because the presumption was rebutted by evidence showing that he could safely and reasonably relocate in Nepal. *See* 8 C.F.R. § 1208.13(b)(1); *Surinder Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country."). In determining whether internal relocation is reasonable, the agency "consider[s] . . . whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. § 1208.13(b)(3).

Substantial evidence supports the agency's conclusion that Sherpa could reasonably relocate within Nepal because he previously relocated to Kathmandu and lived there for eight or nine months without experiencing any harm. Sherpa asserted that he felt unsafe in Kathmandu because the Maoists' leaders lived there, and that he was therefore "virtually in hiding" during this period. Certified Administrative Record ("CAR") at 238. But he also claimed that he was able to

3

travel between his home and work without incident.  There is no evidence that Maoists in Kathmandu were interested in harming Sherpa, or that the Maoists who had previously threatened him ever contacted or attempted to contact him or his family—which has since moved to a nearby village—anywhere but in the village where he was previously abused.

The agency also accurately discussed the country conditions evidence, which showed that: (1) the armed conflict with the Maoists formally ended in 2006; (2) there was some Maoist violence in connection with the 2013 election but the elections were free and fair; (3) the NCP became the controlling party in 2017 national elections; (4) the previous Maoist prime minister peacefully stepped aside following those elections; (5) the breakaway Maoist factions that continue to cause some violence are not part of the unified national Maoist party; and (6) Nepali police arrest Maoists engaged in violence.  While the agency did not explicitly discuss whether social or economic constraints rendered relocation unreasonable, the relevant regulation instructs that these "factors may, or may not, be relevant, depending on all the circumstances of the case, and are not

4

necessarily determinative of whether it would be reasonable for the applicant to relocate." 8 C.F.R. § 1208.13(b)(3). And Sherpa's previous period living and working in Kathmandu established the social and economic feasibility of such a relocation.

Because Sherpa's claims all rested on the same factual predicate and the agency reasonably found that Sherpa did not have a well-founded fear of persecution as required for asylum, he "necessarily" failed to meet the higher standards for withholding of removal and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court

5