**Surinder SINGH, Petitioner,**

v.

**BIA, Respondent.**

**Docket No. 04–0996–AG.**

United States Court of Appeals, Second Circuit.

Submitted: April 18, 2005.

Decided: Jan. 20, 2006.

Surinder Singh, pro se, Flushing, New York, Petitioner.

Kay Sewell, Assistant United States Attorney for the Western District of Oklahoma, (Robert G. McCampbell, United States Attorney for the Western District of Oklahoma, on the brief); for Respondent.

Before: OAKES, JACOBS, STRAUB, Circuit Judges.

DENNIS JACOBS, Circuit Judge.

Surinder Singh petitions for review of a February 3, 2004 decision of the Board of Immigration Appeals ("BIA") summarily affirming the September 11, 2002 decision of the Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Singh challenges only the denial of asylum and withholding of removal. We conclude that we lack jurisdiction to review the IJ's determination that Singh's petition for asylum was untimely. Additionally, the IJ's denial

of Singh's withholding application on the grounds that Singh failed to demonstrate a likelihood of future persecution was supported by substantial evidence. We therefore deny the petition.

## I

Surinder Singh, a forty-five year old citizen of India, filed an application for asylum, withholding of deportation, and relief under CAT. The Immigration and Naturalization Service ("INS") served Singh with a notice to appear, charging that Singh was subject to removal pursuant to the Immigration and Nationalization Act ("INA") § 212(a)(6)(A)(i).

At proceedings before the IJ, Singh conceded removability but sought asylum, withholding of removal, and CAT relief on the basis of his Sikh religion and his membership in and activities with the Akali Dal Mann, a group Singh describes as a political party that "demands Khalistan for Sikhs in a peaceful manner." Singh claims that, by reason of these affiliations, he was persecuted by Indian police.

The IJ denied asylum on the ground that Singh had failed to establish by clear and convincing evidence that he had filed his application for asylum within a year of arriving in the United States, as required by 8 C.F.R § 208.4(a)(2). The IJ denied Singh's application for withholding of removal and relief under CAT on the further finding that Singh had failed to present clear and convincing evidence that he would face persecution if removed to India. The BIA summarily affirmed.

## II

As we recently held in *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144

(2d Cir.2006), where petitioner's application for asylum was found to be untimely by the IJ, we lack jurisdiction to review the BIA's denial of that application except insofar as petitioner raises "constitutional claims or questions of law" under Section 106(a)(1)(A)(iii) of the REAL ID Act of 2005 ("Section 106").[1] The latter term, "questions of law", "refers to a narrow category of issues regarding statutory construction." *Xiao Ji Chen*, 434 F.3d at 154, 02–4631, slip op. at 11 (quoting *Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir. 2005)). Petitioner raises no constitutional issues or questions of law, and we therefore lack jurisdiction to review the BIA's denial of his asylum application.

## III

We do, however, have jurisdiction to consider Singh's petition on the issue of denial of withholding of removal. 8 U.S.C. § 1252(a); *see also, e.g., Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1235 (10th Cir.2003) (holding that court lacked jurisdiction to review timeliness of asylum application but nevertheless exercising jurisdiction to review denial of withholding). Withholding of removal is available if an applicant shows by a clear probability that he will suffer persecution in his country of removal because of his race, religion, nationality, membership in a given social group, or political opinion. 8 U.S.C. § 1231(b)(3); *INS v. Stevic*, 467 U.S. 407, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984); *Secaida–Rosales v. INS*, 331 F.3d 297, 306 (2d Cir. 2003).

The BIA adopted the conclusions of the IJ; we therefore review the decision

---

1. Section 106 applies to all appeals from removal orders "issued before, on or after the date of enactment," May 11, 2005. *See* REAL ID Act § 106(b); *see also Xiao Ji Chen*, 434

F.3d at 151, 02–4631, slip op. at 8 *Marquez–Almanzar v. INS*, 418 F.3d 210, 215 (2d Cir. 2005).

of the IJ as if it were that of the BIA. *Yu Sheng Zhang v. United States Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004) (*per curiam*). Factual findings are reviewed under the "substantial evidence" standard, *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (*per curiam*), which is highly deferential, *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). This Court "must uphold an administrative finding of fact unless we conclude that a reasonable adjudicator would be compelled to conclude to the contrary." *Id.*

 The record contains State Department reports and a report from the United States embassy describing the current country conditions in India. These documents provide a sufficient basis for the IJ's determination that Singh is unlikely to face persecution for his Sikh beliefs and his membership in Akali Dal Mann. Indeed, country condition reports may in some circumstances be sufficient, in and of themselves, to support a finding of no clear probability of persecution.

Also, as the IJ found, these documents indicate that any threat faced by Singh in India is not country-wide. Even if a petitioner demonstrates past persecution, the presumption of future persecution can be rebutted if an IJ finds by a preponderance of the evidence that a petitioner "could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.16(b)(1)(i)(B). Asylum in the United States is not available to obviate re-location to sanctuary in one's own country. *See Bhatt v. Reno,* 172 F.3d 978, 982 (7th Cir.1999); *In re C-A-L-,* 1997 WL 80985, 21 I. & N. Dec. 754, 757–58 (BIA 1997); *cf. Sotelo-Aquije v. Slattery,* 17 F.3d 33, 38 (2d Cir.1994) (remanding for reconsideration where BIA had

held that withholding applicant did not face persecution beyond his town, where evidence was overwhelming that threat was country-wide). The IJ's denial of withholding was supported by substantial evidence.

For the foregoing reasons, we deny Singh's petition.