**Ismet ALIAJ et al., Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 03–40627.**

United States Court of Appeals, Second Circuit.

Feb. 16, 2006.

by designation.

Sunit K. Joshi (Cyril Murray, on the brief), Joshi & Associates, P.C., New York, N.Y. for Petitioner (on submission).

Amy E. Ray, Assistant United States Attorney (Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina), for Respondent, of counsel.

PRESENT: Hon. DENNIS JACOBS, Hon. RICHARD C. WESLEY, and Hon. JOHN R. GIBSON,* Circuit Judges.

## SUMMARY ORDER

Ismet Aliaj and his family petition for review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of (i) asylum, (ii) withholding of removal, and (iii) relief under the Convention Against Torture ("CAT"). We assume familiarity with the facts, the procedural history, and the issues on appeal.

Where the BIA affirms without opinion, we review the IJ's decision directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the IJ's factual findings for substantial evidence, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

1. An asylum applicant has the burden of proving that the application was filed within one year of the applicant's arrival in the U.S. 8 U.S.C. § 1158(a)(2)(B) (2005). We lack jurisdiction to review the IJ's factual conclusions on this issue. *Singh v. BIA,* 435 F.3d 216, 217 (2d Cir. 2006); *see also Xiao Ji Chen v. United States DOJ,* 434 F.3d 144, 145 (2d Cir. 2006). Thus, Aliaj's petition to review the

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

IJ's untimeliness finding is dismissed for lack of jurisdiction.

2. Substantial evidence supports the IJ's adverse credibility finding for Aliaj's CAT and withholding of removal claims. The Albanian consulate submitted a report determining that Aliaj submitted several forged documents to the IJ. This report substantially supports the IJ's adverse credibility finding, and also the IJ's finding that Aliaj would not suffer persecution if returned to Albania.

For the foregoing reasons, we deny the petition for review of Aliaj's CAT and withholding of removal claims. We dismiss Aliaj's asylum claims for lack of subject matter jurisdiction.