**Older CHARLESTIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–1162–ag.**

United States Court of Appeals,
Second Circuit.

Nov. 13, 2006.

Michael Boyle, North Haven, Connecticut, Justin Conlon, North Haven, CT, for Petitioner.

Lisa Godbey Wood, United States Attorney for the Southern District of Georgia, Melissa S. Mundell, Assistant United States Attorney, Savannah, GA, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Older Charlestin petitions for review of the February 10, 2006 BIA decision affirming the October 15, 2004 decision of immigration judge ("IJ") Michael W. Straus denying his application for asylum and withholding of removal. *In re Older Charlestin*, No. A 97 635 104 (B.I.A. Feb. 10, 2006) aff'g A 78 923 577 (Immigration Ct. Hartford, Ct. Oct. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

Under Title 8, Section 1158(a)(2)(B), asylum applicants must demonstrate "by clear and convincing evidence" that they filed their applications within one year after the date of their "arrival in the United States." Section 1158(a)(3) further provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). "Questions of law" include matters of statutory and regulatory construction, *see Joaquin–Porras v. Gonzales,* 435 F.3d 172, 178–80 (2d Cir.2006); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 153–54 (2d Cir.2006).

In this case, the IJ found that Charlestin's asylum application was time-barred because although he presented credible testimony that he had filed his application within a year of his arrival, he failed to prove that he did so by clear and convincing evidence—largely because he did not provide documentary evidence to corroborate his otherwise credible testimony. Petitioner argues that this finding was in error and that this Court is not without jurisdiction to consider the issue because

he raises both a constitutional claim and a question of law. However, because we find that the IJ's alternative finding—that Petitioner did not carry his burden in proving eligibility for asylum or withholding of removal—is supported by substantial evidence, we need not and expressly do not reach the one-year bar issue.

█ Charlestin testified that he had been persecuted as a member of Haiti's Mochrena party, an opposition party that sought the ouster of the ruling Lavalas party and its leader, Jean–Bertrand Aristide. Charlestin described three incidents in which he was beaten by Lavalas supporters. In one instance, Charlestin suffered a broken finger, while in another he was beaten until he lost consciousness. In a third incident, Lavalas supporters shot at Charlestin, but did not hit him. The IJ concluded that this testimony could establish past persecution. The IJ nevertheless denied Charlestin's asylum application, finding that changed circumstances in Haiti made him unable to prove a well-founded fear of persecution. A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution, but that presumption can be defeated if the government demonstrates that conditions in the country of origin have changed sufficiently so that the danger no longer exists. *Islami v. Gonzales*, 412 F.3d 391, 394 n. 3 (2d Cir.2005) citing *Matter of Chen*, 20 I. & N. Dec. 16, 19, 1989 WL 331860 (BIA 1989). Additionally, the ability to avoid harm through internal relocation defeats a claim that a fear of persecution is objectively well-founded. 8 C.F.R. §§ 1208.13(b)(1)(i)(B); 1208.13(b)(2)(ii); *Singh v. BIA*, 435 F.3d 216, 219 (2d Cir.2006).

Here, the IJ concluded that fundamental changes in Haiti defeated the presumption of a well-founded fear created by Charlestin's showing of past persecution. The IJ

noted that Jean–Bertrand Aristide's Lavalas party is no longer in power and that the Mochrena party likely no longer exists. Though the record reflects that Lavalas opponents like Charlestin are not immune from violence in areas where pro-Lavalas gangs are active, the IJ found that Charlestin's hometown of Gonaïves was a stronghold of the anti-Lavalas movement, making relocation there a valid option. Accordingly, the IJ's finding that Charlestin lacked a well-founded fear of persecution was supported by substantial evidence.

Having found that the government defeated the presumption of a well-founded fear of persecution by showing changed country conditions, the IJ properly considered whether the severity of Charlestin's past persecution merited a discretionary grant of asylum. Even in the absence of a well-founded fear of persecution, an applicant who has established past persecution may be granted asylum in the exercise of discretion for certain compelling humanitarian reasons such as the severity of the past persecution or the likelihood that serious harm not attributable to persecution would follow removal. *See* 8 C.F.R. § 208.13(b)(1)(iii); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir.2005). This Court has noted that the grant of asylum on these grounds is reserved for "certain rare cases." *Mirzoyan v. Gonzales*, 457 F.3d 217, 220 (2d Cir. 2006).

█ Here, the IJ concluded that there was no evidence that Charlestin would be "unable to return to Haiti arising out of the severity of past persecution," and exercised his discretion to deny Charlestin's application for asylum on this basis. This Court may overturn such a discretionary denial only if it was "manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D); *Wu Zheng Huang*

*v. INS,* 436 F.3d 89, 96 (2d Cir.2006). Here, Charlestin did suffer considerable harm. However, the IJ's finding that this persecution was not severe enough to warrant a grant of asylum absent a well-founded fear was not manifestly contrary to law or an abuse of discretion.

Because the IJ's denial of Charlestin's asylum application was not improper, his further finding that Charlestin did not meet the higher burden of proof for withholding of removal was supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).