**Parmjit SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.[1]**

**No. 08–0361–ag.**

United States Court of Appeals, Second Circuit.

May 20, 2009.

---

1. Eric H. Holder, Jr. is automatically substituted as the respondent in this case pursuant

to Federal Rule of Appellate Procedure 43(c)(2).

Hector M. Roman, Roman & Singh, Jackson Heights, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; T. Bo Stanton, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

Present JOHN M. WALKER, JR., ROSEMARY S. POOLER, and BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Parmjit Singh, a native and citizen of India, seeks review of a December 21, 2007 order of the BIA affirming the January 30, 2006 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Parmjit Singh*, No. A97 479 005 (B.I.A. Dec. 21, 2007), *aff'g* No. A97 479 005 (Immig. Ct. N.Y. City Jan. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA does not "adopt the decision of the IJ to any extent . . . . we review the decision of the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

### I. Asylum

Singh challenges the BIA's finding that he failed to file his application for asylum within the one-year deadline, *see* 18 U.S.C. § 1158(a)(3)(B), on the grounds

that the IJ failed to credit the evidence Singh provided and disproportionately relied on inconsistencies identified in the record regarding his date of arrival in the United States. These arguments amount to a challenge to the agency's fact-finding with respect to the one-year bar, which we do not have jurisdiction to review. *See* 8 U.S.C. § 1158(a)(3); *See also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330–32 (2d Cir.2006).

We do, however, retain jurisdiction to review constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). Singh argues that the BIA applied an erroneously high evidentiary standard in considering the fact that Singh failed to produce travel documentation demonstrating his date of entry to the United States. The BIA considered Singh's failure to produce any documentary evidence as a factor supporting the IJ's conclusion that Singh had failed to demonstrate his compliance with the one-year deadline. The BIA did not err, as a matter of law, in considering this factor. Thus, to the extent Singh challenges the agency's pretermission of his asylum application, the petition for review is dismissed.

## II. Withholding of Removal

We also find that, despite errors, the agency properly denied Singh's application for withholding of removal, which is not subject to the one-year bar. In denying that relief, the agency found that the three different beatings in detention Singh endured did not amount to persecution, noting that "each of the incidents occurred for a couple of days," and "[h]e did not indicate that he had any serious injuries, whatsoever, from his detention." We have held that the agency must be "keenly sensitive" to the fact that a "minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other

suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006). The agency's explanation for its conclusion that Singh did not suffer past persecution is insufficient to permit meaningful review by this Court. *See id.* at 227.

However, remand is not required because the agency also concluded that country conditions had changed in India such that Singh's fear of future persecution is not objectively reasonable. Such a finding rebuts the presumption of a likelihood future persecution that would arise from Singh's past persecution. *See* 8 C.F.R. § 1208.16(b)(1). In reaching this conclusion, the BIA relied on *Surinder Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006), in which we held that "State Department reports and a report from the United States embassy describing the current country conditions in India ... provide a sufficient basis for the IJ's determination that Singh is unlikely to face persecution for his Sikh beliefs and his membership in Akali Dal Mann." Singh fails to point to anything in the record that would compel a different conclusion in this case. We conclude that the agency's finding that Singh failed to establish a likelihood of future persecution if returned to India is supported by substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur*, 494 F.3d at 289.

## III. CAT Relief

Finally, the same considerations that led the agency to conclude that Singh did not establish a likelihood of persecution in India support its conclusion that he also did not establish a likelihood of torture. *Cf. Paul v. Gonzales*, 444 F.3d 148, 155–56 (2d Cir.2006). Accordingly, the agency's deni-

al of Singh's application for CAT relief was proper.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.