SUMMARY ORDER

Siew Ming Seng, a native and citizen of Malaysia, seeks review of an October 10, 2008 order of the BIA, dismissing an appeal from the May 14, 2007 decision of Immigration Judge (“IJ”) Philip L. Mo-race, in which the IJ denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Siew Ming Seng, No. A96 485 621 (B.I.A. Oct. 10, 2008); In re Siew Ming Seng, No. A96 485 621 (Immig. Ct. N.Y. City May 14, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
Where, as here, the BIA adopts and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.Sd 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial-evidence standard, see 8 U.S.C. § 1252(b)(4)(B); Manzur v. United States Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007), and review de novo questions of law and the application of law to undisputed fact, see Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Seng suggests that the agency improperly denied his asylum application because he carried his burden to show that his fear of future persecution is well founded. The argument is beside the point because the agency denied Seng’s application on timeliness grounds. See 8 U.S.C. § 1158(a)(2)(B). Seng has therefore waived any challenge to that adverse timeliness determination, see Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005), which, in any event, we generally lack jurisdiction to review, see 8 U.S.C. § 1158(a)(3); Xiao Ji Chen v. United States Dep’t of Justice, 471 F.3d 315, 332 (2d Cir.2006).
Nor can Seng secure relief by recasting his argument in terms of his eligibility for withholding of removal and CAT relief. Seng cites no specific testimony or other evidence in the record supporting his con-clusory assertion that he demonstrated a likelihood of future persecution and torture.[2] The IJ considered State Department reports submitted into the record and concluded therefrom that religious groups in Malaysia generally tolerated each other. We are not compelled to disagree with this record-supported conclusion. See 8 U.S.C. § 1252(b)(4)(B); see also Singh v. BIA, 435 F.3d 216, 219 (2d Cir.2006) (deferring to agency conclusion supported by State Department and embassy reports).
For the foregoing reasons, the petition for review is DENIED.

. Seng does not address the agency’s conclusion that he failed to demonstrate past persecution. Any challenge to that conclusion is therefore waived. See Yueqing Zhang v. Gonzales, 426 F.3d at 541 n. 1, 545 n. 7.