SUMMARY ORDER

Gloria Patricia Jaramillo, a native and citizen of Colombia, seeks review of a September 3, 2008 order of the BIA, affirming the March 2, 2007 decision of Immigration Judge (“IJ”) Javier Balasquide, which pre-termitted as untimely her application for asylum, and denied her request for withholding of removal and relief under the *664 Convention Against Torture (“CAT”). In re Gloria Patricia Jaramillo, No. A097 852 551 (B.I.A. Sept. 3, 2008), aff'g No. A097 852 551 (Immig. Ct. N.Y. City Mar. 2, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
As an initial matter, because Jaramillo does not challenge the agency’s pretermission of her untimely application for asylum, we deem any such argument abandoned. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we consider both the IJ’s and the BIA’s opinions for the sake of completeness. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We find that the agency did not err in finding that, even considered cumulatively, the harassing phone calls that Jaramillo received did not constitute persecution. See Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006) (explaining that in order to constitute persecution, the alleged harm must be sufficiently severe, rising above “mere harassment”). Moreover, we note that, contrary to her assertion here, Jaramillo did not testify that she ever received an actual death threat. Accordingly, the agency did not err in concluding that Jaramillo did not suffer past persecution and that she was not entitled to the presumption of a likelihood of future persecution. See 8 C.F.R. § 1208.13(b)(1).
Likewise, the agency did not err in determining that Jaramillo failed to establish a likelihood of future persecution. Indeed, the agency reasonably relied on Jaramillo’s ability to live unharmed in Medellin, Colombia for more than five years after first being threatened and, contrary to her assertion, the record does not demonstrate that she lived in hiding during that time. See 8 C.F.R. § 1208.16(b)(3)©; see also Surinder Singh v. BIA, 435 F.3d 216, 219 (2d Cir. 2006) (recognizing that even a presumption of future persecution can be rebutted if the agency finds that an applicant can avoid persecution by relocating to another part of the proposed country of removal). Moreover, the 2003 incident involving her brother did not demonstrate that Jaramillo could not live unharmed in Medellin, where the guerillas only warned her brother that she should not return to Apartado.
Ultimately, the agency did not err in finding that Jaramillo failed to establish past persecution or a likelihood of future persecution; accordingly, the agency reasonably denied her applications for withholding of removal and CAT relief. See 8 U.S.C. § 1252(b)(4)(B); see also Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); cf. Kyaw Zwar Tun v. INS, 445 F.3d 554, 567 (2d Cir.2006) (recognizing that “torture requires proof of something more severe than the kind of treatment that would suffice to prove persecution”). Because the agency did not err in denying Jaramil-lo’s application for withholding of removal, we need not consider her challenge to the agency’s alternative finding that she failed to demonstrate the requisite nexus to a protected ground. See 8 C.F.R. § 1208.16(b).
For the foregoing reasons, the petition for review is DENIED. Petitioner’s pend *665 ing motion for a stay of removal in this petition is DISMISSED as moot.