Hoque v. Barr

BIA
Christensen, IJ
A208 311 658

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand twenty.

PRESENT:
       REENA RAGGI,
       RAYMOND J. LOHIER, JR.,
       JOSEPH F. BIANCO,
            *Circuit Judges.*
_____

MOHAMMAD RAISAL HOQUE,
       *Petitioner,*

       v.                                          18-899
                                                   NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
       *Respondent.*
_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, Esq.,
                         Chhetry & Associates, P.C., New
                         York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Melissa Neiman-
                         Kelting, Assistant Director;
                         Anthony J. Messuri, Trial
                         Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammad Raisal Hoque, a native and citizen of Bangladesh, seeks review of a March 22, 2018, decision of the BIA affirming a June 27, 2017, decision of an Immigration Judge ("IJ") denying Hoque asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Mohammad Raisal Hoque,* No. A208 311 658 (B.I.A. Mar. 22, 2018), *aff'g* No. A208 311 658 (Immig. Ct. N.Y. City Jun. 27, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

The agency concluded that Hoque established past

persecution at the hands of Awami League members who opposed his membership in the rival Bangladesh Nationalist Party ("BNP"). Given this past persecution, Hoque was entitled to a presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). However, the Government may rebut this presumption if a preponderance of the evidence shows that an applicant can safely and reasonably relocate within the country of removal. 8 C.F.R. § 1208.13(b)(1)(i)(B), (ii); *see Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country."). In determining whether internal relocation is reasonable, the IJ "consider[s] . . . whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. § 1208.13(b)(3).

The preponderance of the evidence supports the agency's conclusion that Hoque could reasonably avoid future persecution by relocating within Bangladesh because he had

3

previously safely relocated to Dhaka for nearly two years from November 2012 to August 2014. There, he opened a business and did not experience any persecution despite continuing to engage in political activity. He was not targeted by the Awami League until he moved back to his home in Noakhali. When he fled again to Dhaka in February 2015 for a few months before he left for the United States, he received threatening telephone calls but suffered no harm. Given the lack of evidence that Awami League members looked for him or would be able to locate him in Dhaka, the IJ did not err in finding that the threats did not preclude a finding that Hoque could safely relocate. *See* 8 U.S.C. § 1252(b)(4)(B) (providing that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

Hoque mainly argues that the IJ did not explicitly consider all the factors outlined in 8 C.F.R. § 1208.13(b)(3). As the Government notes, Hoque did not exhaust this argument before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (requiring petitioner to raise all issues before the BIA). Exhaustion aside, while the IJ

4

did not go through each factor individually, he made note of the relevant regulation, which explicitly states that the "factors may, or may not, be relevant, depending on all the circumstances of the case, and are not necessarily determinative of whether it would be reasonable for the applicant to relocate." 8 C.F.R. § 1208.13(b)(3). The IJ implicitly considered that relocation was reasonable based on Hoque's personal circumstances because Hoque had previously relocated for a two-year period and opened a business with a friend. *Id.* (listing personal characteristics, such as age, health, gender, and social and family ties, as factors to be considered).

Hoque also argues that the IJ failed to fully consider that the time he spent in Dhaka from November 2012 to August 2014 was a "period of relative calm," and therefore his ability to live there unharmed was not dispositive as to internal relocation. Again, as the Government notes, Hoque did not exhaust this argument before the BIA. *See Lin Zhong*, 480 F.3d at 122. Regardless, the IJ considered the background evidence, which does not reflect a period of calm while Hoque was living in Dhaka. The evidence demonstrates

5

that "political violence has long been part of the political landscape in Bangladesh," including during the period Hoque was in Dhaka. Admin R. ("AR") 582. A 2015 report on elections in Bangladesh details 2013 political protests that resulted in 300 deaths. *See* AR 547. Another article recounts a May 2013 "massacre" in Dhaka of a BNP-backed Islamic group by security forces. *See* AR 577. There are numerous references to political violence leading up to and during the January 2014 election. *See, e.g.*, AR 647. Hoque's own asylum statement mentions how the Awami League targeted BNP members after the January 2014 election. *See* AR 507.

Given Hoque's prior safe relocation during a period in which political violence was occurring, substantial evidence supports the agency's conclusion that Hoque could reasonably internally relocate to avoid future harm. The agency's determination is dispositive of asylum, withholding of removal, and CAT relief. *See Lecaj*, 616 F.3d at 119 (holding that applicant who fails to establish fear of harm required for asylum "necessarily" fails to meet higher standard for withholding of removal and CAT relief).

6

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court