Singh v. Garland

BIA
Nelson, IJ
A205 935 204

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty-one.

PRESENT:
> GUIDO CALABRESI,
> STEVEN J. MENASHI,
> > *Circuit Judges*,
> DENISE COTE,
> > *Judge.*[1]

―――――――――――――――――――――――

SUKHDEV SINGH,
> *Petitioner*,

v.                                                          18-3502

MERRICK GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

―――――――――――――――――――――――

FOR PETITIONER:            Khagendra Gharti-Chhetry, Esq.,
                           New York, NY.

―――――――――――――

[1] Judge Denise Cote of the United States District Court for the Southern District of New York, sitting by designation.

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED,** AND **DECREED** that the petition for review is **DENIED.**

Petitioner Sukhdev Singh, a citizen of India, seeks review of an October 23, 2018, decision of the BIA affirming a November 2, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sukhdev Singh*, No. A205 935 204 (B.I.A. Oct. 23, 2018), *aff'g* No. A205 935 204 (Immig. Ct. N.Y. City Nov. 2, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's legal conclusions de novo and its factual determinations for substantial evidence. "In this context, Congress has specified that 'the administrative findings of fact are

2

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Singh v. Garland*, No. 19-704-AG, 2021 WL 3744895, at *4 (August 25, 2021) (quoting 8 U.S.C. § 1252(b)(4)(B)). Under the "substantial evidence" standard of review, we "must defer to the factfinder's findings based on 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "The scope of review 'under the substantial evidence standard is exceedingly narrow, and we will uphold the BIA's decision unless the petitioner demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find him eligible for relief.'" *Singh*, 2021 WL 3744895, at *4 (quoting *Mu Xiang Lin v. DOJ*, 432 F.3d 156, 159 (2d Cir. 2005) (internal citations, quotation marks, and alterations omitted)).

An asylum applicant such as Singh who has suffered past persecution is presumed to have a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1) (2013). [2] The

---

[2] Citations in this order refer to the versions of the applicable regulations that were in effect at the time of Singh's proceedings before the agency.

3

"presumption may be rebutted" if an IJ finds that "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country . . . and under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(1)(i)(B) (2013). When an applicant has established past persecution, the government may rebut the presumption with a showing, by a preponderance of the evidence, that the applicant can safely relocate within his own country. *Id.* § 1208.13(b)(1)(ii). The agency considers the reasonableness of the relocation, including "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." *Id.* § 1208.13(b)(3).

We conclude that the agency's finding that Singh could internally relocate was supported by substantial evidence. The record contains evidence, including country condition reports, indicating that there are sizable Sikh communities throughout India, including in almost every major Indian city. The record evidence also indicates that Sikhs face

little discrimination in India and have access to housing, employment, and government services. Moreover, "[s]everal sources indicate that Sikhs do not face difficulties relocating to other areas of India." A.R. 144.

After having evaluated the regulatory factors for relocation, the agency noted that Singh's alleged persecutors were local members of the Congress Party in Haryana and that government officials were not involved. *See Singh*, 2021 WL 3744895, at *6 ("An applicant's allegation that he was persecuted by members of a political party . . . does not establish that the applicant was persecuted by the government."). Because Singh allegedly suffered persecution only by local private parties—and because there are Sikh communities throughout India where Singh can reasonably relocate—the agency's finding that Singh could relocate internally to avoid future persecution was supported by substantial evidence.

Singh argues that it was erroneous for the agency to consider whether Sikhs could relocate within India because Singh's claim was that he was persecuted on the basis of political opinion rather than religion. Yet the agency considered Singh's claim of political persecution when it

5

determined that the alleged persecution was localized and could be avoided by relocating within India. It was not erroneous for the agency also to consider whether Sikhs generally could relocate within India because, "[i]n the context of internal relocation, whether Sikhs are able safely to move throughout India was a relevant consideration." *Singh*, 2021 WL 3744895, at *7 n.6. The applicable regulation provides that in evaluating the reasonableness of internal relocation, the agency may consider, *inter alia*, "whether the applicant would face other serious harm in the place of suggested relocation." 8 C.F.R. § 1208.13(b)(3)(2013).[3]

We have recently reaffirmed our holding that "[a]n Indian citizen 'is unlikely to face persecution for his Sikh beliefs and his membership in Akali Dal Mann' and 'any threat faced by such an applicant in India is not country-wide.'" *Singh*, 2021 WL 3744895, at *8 (quoting *Singh v. BIA*, 435 F.3d 216,

---

[3] Singh also objects that the agency improperly placed the burden on him to show that it was reasonable for him to relocate internally within India. We disagree. The agency properly explained that "where the respondent has established past persecution, it is presumed that internal relocation would be unreasonable unless it is proven to the contrary." A.R. 36. The agency also explained that Singh "was not required to establish that he could not reasonably relocate. Rather, based on [Singh's] testimony and evidence of record, the Immigration Judge concluded that a preponderance of the evidence established that [Singh] could reasonably relocate to avoid persecution," A.R. 4, and its analysis was consistent with that standard.

6

219 (2d Cir. 2006)). That holding requires us to conclude that the agency's internal relocation finding was supported by substantial evidence. Because Singh's CAT claim rested on the same factual basis as his claim for asylum and withholding of removal, the agency's internal relocation finding is dispositive of all relief. "Singh's ability to relocate internally means that he cannot establish a likelihood of torture." *Id*. "In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal," the agency considers "all evidence relevant to the possibility of future torture … including … [e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured." 8 C.F.R. § 1208.16(c)(3). The agency properly relied on such evidence here.

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7