Singh v. Garland

BIA
Poczter, IJ
A206 097 338

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand twenty-two.

PRESENT:
>ROSEMARY S. POOLER,
>RICHARD J. SULLIVAN,
>STEVEN J. MENASHI,
>>*Circuit Judges.*

_____

SIMRANJIT SINGH,
>*Petitioner*,

v.                                              19-3384
                                                NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:         Tobin Kohane, Esq., New York, NY.

FOR RESPONDENT:         Joseph H. Hunt, Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Sherease Pratt, Senior Litigation Counsel,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Simranjit Singh, a native and citizen of India, seeks review of a September 18, 2019, decision of the BIA affirming a March 5, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Simranjit Singh,* No. A 206 097 338 (B.I.A. Sept. 18, 2019), *aff'g* No. A 206 097 338 (Immig. Ct. N.Y. City Mar. 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings for substantial evidence, and we review questions of law de novo. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

To establish eligibility, an asylum applicant must show

that he has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 C.F.R. § 1208.13(b)(1). Past persecution creates a rebuttable presumption of a well-founded fear of future persecution on the basis of the original claim. *Id.* The Government may rebut that presumption if it shows by a preponderance of the evidence that the applicant could avoid future persecution "by relocating to another part of [his or her] country of nationality . . . , and under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(1)(i)(B), (ii); *see also Matter of D–I–M–*, 24 I. & N. Dec. 448, 450–51 (B.I.A. 2008) (discussing the burden shifting framework).

Singh claimed that he would be persecuted if he returned to India because he had been involved with a woman of a higher caste, Manpreet. He alleged that Manpreet's family opposed the relationship because he was of a lower caste and different political affiliation, and that Manpreet's brothers beat him when they caught him with her. Substantial evidence supports

3

the agency's conclusion that Singh could reasonably relocate to avoid future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B); *Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country.").

Factors relevant in determining the reasonableness of relocation include "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. § 1208.13(b)(3) (effective to Nov. 2018); *Singh v. Garland*, 11 F.4th 106,114 (2d Cir. 2021). The agency considered the relevant factors, finding that Singh's fear was speculative because he had not dated Manpreet for four years, they were not in touch, and the dispute was "highly localized" because it involved this personal conflict with her family. The agency further considered Singh's allegation that Manpreet's brothers were politically motivated, but it found no basis for that claim because Manpreet's brothers did not mention political

4

affiliations when they threatened Singh. Although Singh claimed that he would be unable to relocate because of his caste, his caste is not written on his identity card nor is it evident from his name alone, and he admitted that strangers would not know his caste unless he affirmatively revealed it. The country conditions evidence did not reflect that caste affiliation limits an individual's ability to relocate. Moreover, the IJ took administrative notice of a 2016 U.S. State Department Human Rights Report, which reflects that the Indian constitution bans caste discrimination.

Singh contends that the IJ, by taking administrative notice of the State Department report, relieved the Government of its burden of establishing that he could relocate. However, DHS argued that Singh would be able to relocate at the close of the hearing. And the IJ may rely on "all of the testimony and evidence contained in the record, including the background information" when analyzing reasonable relocation. *Matter of D-I-M-*, 24 I. & N. Dec. at 451; *see also Singh*, 11 F.4th at 118 (concluding that agency did not err in concluding that Government met its burden of establishing ability to relocate where substantial evidence

5

supported agency's relocation findings).

Singh argues that the agency ignored evidence that he would be unable to relocate, but the evidence he cites does not undermine the agency's conclusion. He relies on an affidavit from members of Manpreet's village, which avers that they are monitoring the community and his family for his return, not that they will seek him out or will know if he returns to another area of India. Singh also argues that the IJ failed to consider the statement of a friend of Manpreet's confirming that Singh and Manpreet are still in love and that Singh calls her to check on Manpreet. But the agency does not have to explicitly address each item of evidence, and this statement does not indicate that Manpreet's family would pursue Singh in other regions of India. *See Xiao Ji Chen v. U.S. Dep't. of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (requiring IJ to consider "significant factual assertions," but not to "expressly parse or refute on the record" each piece of evidence) (internal quotation marks omitted).

Singh further contends that the IJ should not have relied solely on the U.S. State Department report. However, the IJ properly took administrative notice of the report, and did

not rely on it to the exclusion of other evidence. *See* 8 C.F.R. § 1003.1(d)(3)(iv)(A) (authorizing "administrative notice of commonly known facts such as current events or the contents of official documents"); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 166 (2d Cir. 2008) ("[W]hile we have emphasized that State Department reports are not binding on the BIA, we have recognized that such reports are usually the best available source of information on country conditions.") (internal quotation marks omitted). As the IJ found, the State Department report reflected that the Indian constitution prohibits caste discrimination, registration of caste status was for affirmative action purposes, the government had implemented programs to empower lower caste members, and caste discrimination was common in rural areas. The report thus supports the IJ's conclusion that Singh could relocate to an urban area, particularly considering his testimony that his caste status is not included on his identification or evident from his name. Singh's own country conditions evidence does not support his position that he will be unable to relocate. He submitted evidence of honor killings, primarily of women who married against their

7

family's wishes, but Singh had not been in a relationship with Manpreet for many years and did not testify to any definite plan to marry, and the evidence did not show that Manpreet's family would or could pursue him throughout India.

In sum, the agency's conclusion that Singh could reasonably relocate within India is supported by substantial evidence, given that his fear was limited to harm by Manpreet's family in the event he returned to that area. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B), (ii). The relocation finding is dispositive of asylum, withholding of removal, and CAT relief. *See Lecaj v. Holder*, 616 F.3d 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8