21-6647
Singh v. Garland

BIA
Palmer, IJ
A208 157 740

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> DENNIS JACOBS,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

RAJINDER SINGH,
> *Petitioner,*

v.            **21-6647**

           **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Esq., Richmond Hill, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Sarah S. Wilson, Assistant Director; Remi Da Rocha-Afodu, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rajinder Singh, a native and citizen of India, seeks review of a December 8, 2021 decision of the BIA affirming a March 22, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rajinder Singh,* No. A208 157 740 (B.I.A. Dec. 8, 2021), *aff'g* No. A208 157 740 (Immigr. Ct. N.Y.C. Mar. 22, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for

substantial evidence and questions of law and application of law to fact de novo). The agency reasonably concluded that Singh, who was presumed to have a well-founded fear of persecution by members of the Congress Party on account of his membership in the Shiromani Akali Dal Amritsar ("SADA Party" or "Mann Party"), could safely relocate within India to avoid future harm.

An applicant who has suffered persecution is presumed to have a well-founded fear and face a likelihood of future persecution. 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)(i). The government may rebut this presumption if it establishes "by a preponderance of the evidence" that the applicant can "avoid future persecution by relocating to another part of the applicant's country of nationality . . . , and under all the circumstances, it would be reasonable to expect the applicant to do so." *Id.* § 1208.13(b)(1)(i)(B), (ii); *see also id.* § 1208.16(b)(1)(i)(B), (ii); *Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006). In determining whether internal relocation would be reasonable, the IJ considers "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. §§ 1208.13(b)(3), 1208.16(b)(3) (2018).*

---

* Citations are to the regulations at the time of the IJ's decision.

In concluding that Singh could safely and reasonably relocate within India to avoid future persecution, the agency reasonably relied on evidence that the harm Singh had suffered was localized, he was not a visible leader in his party, he has an education, he speaks and reads some Hindi, Sikhs do not have difficulty relocating throughout India, and hundreds of millions of Indians participate in free and fair elections. *See, e.g.*, *Singh v. Garland*, 11 F.4th 106, 118 (2d Cir. 2021) ("[W]hat we recognized fifteen years ago remains true today: An Indian citizen such as Singh 'is unlikely to face persecution for his Sikh beliefs and his membership in Akali Dal Mann' and 'any threat faced by [such an applicant] in India is not country-wide.'" (quoting *Singh*, 435 F.3d at 219)). Although the IJ may have erred in finding that Singh safely relocated to Delhi for a few months without evaluating his testimony that he remained inside hiding during that time, remand for further consideration would be futile given that the IJ's error-free findings provide substantial evidence for a reasonable factfinder to make the determination that Singh could safely relocate within India. *See De La Rosa v. Holder*, 598 F.3d 103, 108 (2d Cir. 2010) (finding that "[m]inor errors . . . do not require remand" when there is an "alternative and sufficient basis for the result").

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court