Delgado Coro v. Bondi

BIA
Perl, IJ
A216 986 483/484/485/486

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

JOSE FRANCISCO DELGADO CORO,
MARIA LUZMILA SISA SISA, INGRID
LISBETH DELGADO SISA, ANDREUS
YOEL DELGADO SISA,
> *Petitioners,*

v.

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

24-1636
NAC

_____

FOR PETITIONERS:             Reuben S. Kerben, Esq., Kerben Law Firm, P.C., Kew Gardens, NY.

FOR RESPONDENT:             Yaakov Roth, Acting Assistant Attorney General; Benjamin Mark Moss, Senior Litigation Counsel; Rachel L. Browning, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jose Francisco Delgado Coro, Maria Luzmila Sisa Sisa, and their minor children, natives and citizens of Ecuador, seek review of a May 29, 2024, order of the BIA affirming a February 8, 2023, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jose Francisco Delgado Coro, et al.*, Nos. A216 986 483/484/485/486 (B.I.A. May 29, 2024), *aff'g* Nos. A216 986 483/484/485/486 (Immig. Ct. N.Y. City Feb. 8, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

2

The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and question of law and application of law to fact de novo). The IJ reasonably concluded that Petitioners, who were presumed to have a well-founded fear of persecution by members of a criminal gang on account of their indigenous ethnicity, could safely relocate within Ecuador to avoid future persecution.

An applicant who has suffered persecution is presumed to have a well-founded fear and face a likelihood of future persecution. 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)(i). That presumption is rebutted if "a preponderance of the evidence" shows that the applicant can "avoid future persecution by relocating to another part of the applicant's country of nationality . . . , and under all the circumstances, it would be reasonable to expect the applicant to do so." *Id.* § 1208.13(b)(1)(i)(B), (ii); *see also id.*

§ 1208.16(b)(1)(i)(B);* *Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006). In concluding that Petitioners could safely and reasonably relocate within Ecuador to avoid future persecution, the agency reasonably relied on evidence that: the harm they had suffered was localized; they had returned to their hometown and lived without threat of persecution for two years; their relatives continued to live and support themselves in their hometown; and Ecuador has functioning administrative and judicial infrastructure and laws protecting indigenous people. *See* 8 C.F.R. §§ 1208.13(b)(3), 1208.16(b)(3).

Because a preponderance of the evidence rebutted the presumption that Petitioners have a well-founded fear of and likelihood of persecution, they were not eligible for asylum or withholding of removal. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), (ii), 1208.16(b)(1)(i)(B), (ii); *Singh*, 435 F.3d at 218–19. The relocation finding was also dispositive of CAT relief. *See* 8 C.F.R. § 1208.16(c)(3) (listing ability to relocate as a consideration in assessing likelihood of torture); *Singh v. Garland*, 11 F.4th 106, 118 (2d Cir. 2021) ("[A]bility to relocate internally means that [an applicant] cannot establish a likelihood of torture.") Further, the

---

* We apply the version of the regulations applied by the agency, such that the burden of rebuttal was on the Department of Homeland Security. Certified Administrative Record at 41-42.

IJ did not err in concluding that Petitioners failed to establish their eligibility for humanitarian asylum because the harm they suffered did not meet the required level of severity. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(A); *Jalloh v. Gonzales*, 498 F.3d 148, 151–52 (2d Cir. 2007); *In re N-M-A-*, 22 I. & N. Dec. 312, 326 (B.I.A. 1998).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court