Bosel v. Garland

BIA
Christensen, IJ
A205 614 579

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty-one.

PRESENT:
DENNY CHIN,
RICHARD J. SULLIVAN,
WILLIAM J. NARDINI,
*Circuit Judges.*

_____

HOM PRASAD BOSEL,
*Petitioner,*

v.                                                          19-172
NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.\**

_____

FOR PETITIONER:              Jason Schaffer, Esq., Mungoven & Associates, P.C., New York, NY.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:** Liza S. Murcia, Senior Litigation Counsel; Raya Jarawan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hom Prasad Bosel, a native and citizen of Nepal, seeks review of a December 18, 2018 decision of the BIA affirming a November 22, 2017 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hom Prasad Bosel*, No. A205 614 579 (B.I.A. Dec. 18, 2018), *aff'g* No. A 205 614 579 (Immig. Ct. N.Y.C. Nov. 22, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as supplemented by the BIA under the substantial evidence standard, and we review questions of law *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

2

Where, as here, the agency found past persecution, an asylum applicant has a rebuttable presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1).[†] The government may rebut that presumption if it shows, by a preponderance of the evidence, either that there has been "a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in [his or her] country of nationality," or that the applicant could avoid future persecution "by relocating to another part of [his or her] country of nationality . . ., and under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(1)(i)-(ii). Because we conclude that substantial evidence supports the agency's relocation finding, we do not reach its changed circumstances determination. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

The record supports the agency's conclusion that Bosel could reasonably relocate within Nepal to avoid future

---

[†] All citations are to the version of the regulations in effect at the time of the IJ's decision.

persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B); *Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country."). In determining the reasonableness of relocation, the agency may consider, among other factors, "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." 8 C.F.R. § 1208.13(b)(3). The agency considered Bosel's ability to relocate, noting that he had relocated and remained unharmed for two extended periods in different parts of Nepal. Bosel relocated to Parbat in August 2005 and remained unharmed but politically active until returning to his hometown in June 2007. And he lived unharmed in Kathmandu for 20 months before leaving for the United States despite allegations that the Maoists knew his location. Given that Bosel previously successfully avoided persecution by relocating within Nepal, the agency reasonably concluded that the government rebutted the presumption of

4

future persecution.  *See* 8 C.F.R. § 1208.13(b)(3); *Singh*, 435 F.3d at 219.  This conclusion is dispositive of asylum, withholding of removal, and CAT relief.  *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5