Singh v. Garland

BIA
Segal, IJ
A206 097 724

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-one.

PRESENT:
>        JON O. NEWMAN,
>        REENA RAGGI,
>        MICHAEL H. PARK,
>             *Circuit Judges.*

_____

GURPREET SINGH,
>        *Petitioner*,

v.                                            18-3754
                                              NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:         Anas J. Ahmed, Esq., Jackson
                        Heights, NY.

FOR RESPONDENT:         Brian M. Boynton, Acting
                        Assistant Attorney General; Andrew
                        N. O'Malley, Senior Litigation

Counsel; Brendan Paul Hogan, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurpreet Singh, a native and citizen of India, seeks review of a November 29, 2018, decision of the BIA affirming an October 30, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurpreet Singh,* No. A 206 097 724 (B.I.A. Nov. 29, 2018), *aff'g* No. A 206 097 724 (Immig. Ct. N.Y. City Oct. 30, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's legal conclusions de novo and its factual determinations for substantial evidence. *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

An asylum applicant like Singh who has suffered past persecution is presumed to have a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). "The presumption may be rebutted" where an IJ finds that "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country . . . and under all the circumstances, it would be reasonable to expect the applicant to do so." *Id.* § 1208.13(b)(1)(i)(B).[1] Where an applicant has established past persecution, the Government can rebut the presumption where a preponderance of the evidence establishes that the applicant can safely relocate within his own country. *Id.* § 1208.13(b)(1)(ii). The agency considers the reasonableness of relocation, including "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." *Id.* § 1208.13(b)(3).

Substantial evidence supports the agency's internal

---

[1] Citations are to the version of the regulations in effect at the time of Singh's proceedings before the agency.

relocation determination. As an initial matter, the IJ did not err in relying on the contents of the 2016 State Department Human Rights Report for India for the fact that India does not prohibit internal movement: the agency may take administrative notice of "[t]he contents of official documents." *Id.* § 1003.1(d)(3)(iv). The State Department report, other country conditions evidence in the record, and Singh's testimony support the agency's relocation finding.

The IJ properly identified grounds supporting the internal relocation determination. First, Singh's fear was based on the Congress Party's activities with the cooperation of police in Punjab, not mistreatment of Shiromani Akali Dal Amritsar ("SADA") party members at a national level. Second, the evidence did not show contemporary widespread persecution of SADA members outside of Punjab. Third, Singh was a low-level party member who was active with SADA in India only between 2012 and 2014. The country conditions evidence reflected mistreatment of Sikhs in Punjab, but only isolated incidents of persecution of Sikhs in other Indian States.

Singh argues that relocation would be unreasonable because the police in Punjab failed to protect him in the

4

past and Congress Party members could locate him through a national identification database. However, the record does not support his allegation that the Congress Party could locate him outside of Punjab through the database (or would have an interest in doing so), particularly because Singh was not a SADA leader and was active with the party in India only between 2012 and 2014. Singh further argues that relocation would be unreasonable because it would sever him from cultural, religious, and familial ties. There is no indication, however, that he would be unable to practice his culture and religion or see his family if he relocated within India. *See Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country.").

Because Singh's withholding of removal and CAT claims rested on the same factual basis as his claim for asylum, the agency's internal relocation finding is dispositive of all relief. *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010); 8 C.F.R. § 1208.16(b)(1)(i)(B), (c)(3)(ii) (ability to relocate internally similarly precludes withholding of removal and CAT relief)

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court