Singh v. Garland

BIA
Schoppert, IJ
A206 508 540

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand twenty-two.

PRESENT:
ROSEMARY S. POOLER,
ROBERT D. SACK,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

SUKHWINDER SINGH,
*Petitioner*,

v.                                                    20-771
                                                      NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Michael W. Pottetti, Port
                       Jefferson, NY.

FOR RESPONDENT:        Jeffrey Bossert Clark, Acting
                       Assistant Attorney General;
                       Shelley R. Goad, Assistant
                       Director; Julia J. Tyler, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Sukhwinder Singh, a native and citizen of India, seeks review of a February 5, 2020, decision of the BIA affirming a May 7, 2018, decision of an Immigration Judge ("IJ") denying asylum and withholding of removal. *In re Sukhwinder Singh*, No. A206 508 540 (B.I.A. Feb. 5, 2020), *aff'g* No. A206 508 540 (Immig. Ct. N.Y. City May 7, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The agency reasonably concluded that Singh, who was presumed to have a well-founded fear and likelihood of political persecution by local Congress Party members, could safely relocate within

2

India to avoid future harm.

An applicant who has suffered past persecution is presumed to have a well-founded fear and likelihood of future persecution on the same basis as the past harm. 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1). The Government may rebut this presumption if it establishes "by a preponderance of the evidence" that the applicant can "avoid future persecution by relocating to another part of the applicant's country of nationality . . . , and under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. §§ 1208.13(b)(1)(i)(B), (ii), 1208.16(b)(1)(i)(B), (ii); *see Surinder Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006).

The IJ reasonably concluded that Singh could safely relocate to another part of India based on evidence that citizens may move freely and live throughout India, the Congress Party controls the government of only a small minority of states, law enforcement is largely the responsibility of the individual states, people of his religion live without trouble throughout the country, and he is young, speaks both Punjabi and Hindi, and successfully relocated to the United States. Contrary to Singh's contention, the agency's determination that there were many

3

areas outside of Congress Party control and that he could safely relocate to one of those areas was a sufficiently specific finding as to area of relocation. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B) (requiring Government to show relocation to "another part" of the country is reasonable), (3), 1208.16(b)(1)(i)(B), (3) (same); *see also Matter of M-Z-M-R-*, 26 I. & N. Dec. 28, 33–34 & n.5 (B.I.A. 2012) (requiring government to show area for relocation, but that burden can be met by showing that conditions outside of the home region "were not such that the applicant would have a well-founded fear"); *Surinder Singh*, 435 F.3d at 219 (upholding denial of withholding where record demonstrated that petitioner could relocate safely elsewhere in India).

Accordingly, the agency did not err in concluding that the Government rebutted the presumption that Singh has a well-founded fear and likelihood of persecution. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), (ii), 1208.16(b)(1)(i)(B), (ii); *Surinder Singh*, 435 F.3d at 218–19.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4