Singh v. Garland

BIA
Schoppert, IJ
A202 067 255

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of August, two thousand twenty-three.

PRESENT:
> ROSEMARY S. POOLER,
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

RISPUDAMAN SINGH,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

20-3514
NAC

_____

| | |
|---|---|
| **FOR PETITIONER:** | Suraj Raj Singh, Esq., Richmond Hill, NY. |
| **FOR RESPONDENT:** | Brian M. Boynton, Acting Assistant Attorney General; John W. Blakeley, Assistant Director; |

Elizabeth K. Fitzgerald-Sambou, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rispudaman Singh, a native and citizen of India, seeks review of a September 17, 2020 decision of the BIA affirming a May 16, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rispudaman Singh,* No. A202 067 255 (B.I.A. Sept. 17, 2020), *aff'g* No. A202 067 255 (Immig. Ct. N.Y. City May 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's legal conclusions de novo and its factual determinations for substantial evidence. *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

When, as here, the agency concludes that an asylum applicant suffered past persecution, the applicant is presumed to have a well-founded fear of future persecution on the same basis. 8 C.F.R. § 1208.13(b)(1). "That presumption may be rebutted" where an IJ finds that "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . and under all the circumstances, it would be reasonable to expect the applicant to do so." *Id.* § 1208.13(b)(1)(i)(B).[1] The Government may rebut the presumption if a preponderance of the evidence establishes that the applicant can safely relocate within his own country. *Id.* § 1208.13(b)(1)(ii). The agency considers the reasonableness of relocation, including "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." *Id.* § 1208.13(b)(3).

---

[1] Citations are to the version of the regulations in effect at the time of Singh's proceedings before the agency.

As an initial matter the IJ did not abuse his discretion in accepting and considering a memorandum on internal relocation from the Department of Homeland Security ("DHS") filed five days before the hearing because an IJ has discretion to accept an untimely filing. *See* 8 C.F.R. § 1003.31(c);[2] *Dedji v. Mukasey*, 525 F.3d 187, 191—92 (2d Cir. 2008); *see also* Immigration Court Practice Manual, Chap. 3.1(d)(ii).

Singh was assaulted by members of the Akali Dal Badal party ("Badal Party") because of his membership in the Shiromani Akali Dal Mann Amritsar party ("SADA") party, and the police in his home state of Punjab beat and detained him when he reported the attack. Substantial evidence supports the agency's conclusion that he could relocate. The IJ identified the following grounds supporting relocation: Singh's past harm was limited to his home state of Punjab; he had a low position within SADA; the record suggested that only local police, and not federal authorities, were involved in his past harm, and the police are entities of state

---

[2] The current provision is the same, but is found at § 1003.31(h).

governments, not the national government; there are no significant barriers to internal migration in India; Singh is relatively young; despite Punjabi being his primary language, Singh was able to support himself in the United States; and nothing in the record suggested he would be unable to support himself in another part of India, where English is also spoken.

Singh's challenges to this determination fail. The agency was not required to identify a specific location in India where Singh could relocate. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), (3), 1208.16(b)(1)(i)(B), (3); *Matter of M-Z-M-R-*, 26 I. & N. Dec. 28, 33–34 & n.5 (B.I.A. 2012) (explaining that DHS can meet its burden by showing that conditions outside of the home region "were not such that the applicant would have a well-founded fear"); *see also Singh v. BIA,* 435 F.3d 216, 219 (2d Cir. 2006); *Singh v. Garland*, 11 F.4th 106, 117–18 (2d Cir. 2021). The country-conditions evidence discusses mistreatment of Sikhs in Punjab, but not persecution of Sikhs in other states, and the evidence states that the Badal Party's influence is generally limited to Punjab. *See* Certified Admin. R. at 186–87. Singh

5

argues that the Badal Party can persecute him outside of Punjab because it is affiliated with the Bharatiya Janata Party that controls the national government; however, the country-conditions evidence does not reflect nation-wide persecution of SADA supporters, but only prosecution of some high-level SADA members on terrorism and sedition charges.

In sum, substantial evidence supports the agency's relocation finding given evidence that Sikhs can live in other areas of India and the Badal Party's influence is limited, and the fact that there is no evidence the national government is targeting members of SADA.

Singh contends that the BIA erred by deeming his CAT claim waived; even assuming error in that waiver finding, Singh's withholding of removal and CAT claims fail on the same grounds as his asylum claim, so the relocation finding is dispositive of all forms of relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that an applicant who fails to establish requisite probability of future persecution for asylum claim "necessarily" fails to meet higher standard for withholding of removal and CAT relief); *see also* 8 C.F.R. §§ 1208.16(b)(1)(i)(B), (c)(3).

6

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court