Singh v. McHenry

BIA
Laforest, IJ
A205 942 647

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-five.

PRESENT:
> GUIDO CALABRESI,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges.*

_____

AMANDEEP SINGH,
> *Petitioner*,

v.                                                               23-6219

                                                                 NAC

JAMES R. MCHENRY III, ACTING
UNITED STATES ATTORNEY
GENERAL,
> *Respondent.*\*

_____

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General James R.

_____

**FOR PETITIONER:**  Robert B. Jobe, Law Office of Robert B. Jobe, San Francisco, CA.

**FOR RESPONDENT:**  Brian M. Boynton, Principal Deputy Assistant Attorney General; Walter Bocchini, Senior Litigation Counsel; Monica M. Twombly, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Amandeep Singh, a native and citizen of India, seeks review of a February 9, 2023 decision of the BIA affirming an October 25, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Amandeep Singh*, No. A205 942 647 (B.I.A. Feb. 9, 2023), *aff'g* No. A205 942 647 (Immig. Ct. N.Y. City Oct. 25, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

---

McHenry III is automatically substituted for former Attorney General Merrick B. Garland as Respondent.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings under the substantial evidence standard and questions of law and application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to establish past persecution or a fear of future persecution. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(C); 8 C.F.R. §§ 1208.13(a)–(b), 1208.16(b). An applicant who has suffered past persecution is presumed to have a well-founded fear or likelihood of future persecution. 8 C.F.R. §§ 1208.13(b)(1) (asylum), 1208.16(b)(1)(i) (withholding). "The presumption may be rebutted" where an IJ finds that "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country . . . and under all the circumstances, it would be reasonable to expect the applicant to do so." *Id.* § 1208.13(b)(1)(i)(B); *see also id.* § 1208.16(b)(1)(i)(B). When an applicant has established past persecution, the Department of Homeland Security has the burden to show, by a preponderance of

3

the evidence, that the applicant can safely relocate. *Id.* §§ 1208.13(b)(1)(ii), 1208.16(b)(1)(ii). Factors affecting the reasonableness of relocation include "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." *Id.* §§ 1208.13(b)(3), 1208.16(b)(3).[1]

Substantial evidence supports the agency's internal relocation finding in this case. *See Surinder Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) (reviewing relocation finding under substantial evidence standard). The IJ reasonably concluded that Singh could safely relocate from his home state of Punjab to another part of India based on evidence that Indian law provides for freedom of internal movement, Sikhs live in every state in India and have access to housing, employment, health care, education, as well as freedom to practice their religion, and there is no central registration system in India, making the chance that local

---

[1] These factors are drawn from the regulations in effect at the time of the IJ's decision. *See Garcia v. Garland*, 64 F.4th 62, 67 n.3 (2d Cir. 2023).

Congress Party members from Punjab would be able to locate Singh in another state in India remote.

Moreover, there was no evidence that Congress Party members have searched for Singh or threatened him or his family since he left India in 2013, or that they would do so, particularly because of his low-level involvement with the Mann Party. *See Bikramjeet Singh v. Holder*, 720 F.3d 635, 642 (7th Cir. 2013) (concluding that substantial evidence supported finding that petitioner could safely relocate because his involvement with activist party was "minimal," had ended decades earlier, and he had not pursued political activities in the United States). That the police in Punjab refused to help Singh does not indicate that they would seek him out in other parts of India. *See Jagdeep Singh v. Garland*, 11 F.4th 106, 116 (2d Cir. 2021) ("While [petitioner] testified that the police failed to assist him in connection with his report of a telephone threat, it does not follow that police in Punjab would seek to find him if he returned to the country and lived in another state or that they would assist others in doing so." (internal quotation marks omitted)).

And contrary to Singh's argument, the record does not compel the conclusions that Sikhs who live safely in other parts of India are distinguishable

5

because they do not advocate for a separate Sikh state as he does and that members of the Mann Party who try to relocate within India face a lot of difficulties. *Id.* at 116–17 ("General country-conditions evidence does not on its own compel the conclusion that an individual will be persecuted or that internal relocation is insufficient to avert persecution."). Singh cites the general hostility of Hindu nationalists towards Sikhs and other religious minorities, but that evidence does not identify specific incidents of harm, that any harm is nationwide, or that it rises to the level of persecution. *Id.* Furthermore, one report from the United Kingdom Home Office provides that Hindu nationalist groups primarily targeted Muslims and Christians, not Sikhs. Given this evidence, substantial evidence supports the IJ's conclusion that Singh would not be at risk of persecution in the remaining states.

Nor did the agency err in concluding that relocation was reasonable. Singh speaks Punjabi, one of the most spoken languages in India, and could therefore reasonably relocate and acclimate to another state where Punjabi is spoken. His personal circumstances did not reflect constraints on relocation—he is single, in good health, and does not have any children. And Singh was not so unskilled or uneducated as to prevent his relocation because he attended school until he was

6

17 years old, worked as a laborer on a farm in India, and worked as a truck driver in the United States, all of which would help him to find employment in another state in India.

On this record, substantial evidence supports the relocation finding. This case is similar to the *Jagdeep Singh* case in which we upheld a finding that the applicant could relocate 1where the record contained evidence that (1) "there are 1.2 billion people, including 19 million Sikhs, living in India and . . . Indian citizens—Sikhs in particular—do not face difficulties relocating within the country;" (2) "there is no central countrywide registration system or nationwide police database that members of the [opposing party] could use to track rivals;" (3) "only high-profile militants—not local party organizers . . . —are of interest to national authorities;" and (4) "there have been no recent reports of persecution against members of [the Mann Party] anywhere in India." 11 F.4th at 117.

The internal relocation finding is dispositive of both asylum and withholding of removal, *see* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), 1208.16(b)(1)(i)(B), and Singh does not challenge the agency's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court